UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KRISTOPHER MARES,**<br>　　　　Plaintiff,<br><br>　　vs.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**<br>　　　　Defendant. | CASE NO. 19-cv-04625-YGR<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED ANSWER**<br><br>Re: Dkt. No. 15 |

This matter arises out of defendant State Farm Mutual Automobile Insurance Company's denial of an automobile insurance claim submitted by plaintiff Kristopher Mares. Defendant brings the instant motion seeking leave to file an amended answer asserting an affirmative defense based on the following provision in plaintiff's automobile policy:

> 12. **Concealment or Fraud**
> There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

A plaintiff seeking to amend after the deadline for doing so must satisfy the requirements of Federal Rules of Civil Procedure 15 and 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Pursuant to Rule 16, the party seeking amendment must make a "showing of good cause." Fed. R. Civ. P. 16(b). Under Rule 15(a), leave to amend "'shall be freely given when justice so requires.' . . . But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (internal citation omitted).

These factors are satisfied here. As an initial matter, plaintiff cannot reasonably claim to be surprised by defendant's assertion of an affirmative defense based on the "Concealment of

1  Fraud" provision.  Prior to the filing of the complaint, defendant denied plaintiff's claim, in part,
2  for this very reason.  Further, although defendant's answer to the operative complaint did not
3  mention the "Concealment or Fraud" provision, it raised several affirmative defenses alleging the
4  absence of coverage based on the terms of the policy:  The third affirmative defense alleged that
5  "plaintiff failed to perform certain conditions precedent that . . . excused [State Farm's]
6  obligations under the contract.  The sixth affirmative defense alleged "the insurance policy . . . at
7  issue in the Complaint afforded no coverage or coverage was barred by one or more exclusions in
8  said policy."  The eighth affirmative defense alleged that "plaintiff cannot assert any of the
9  contractual claims [in the complaint] because plaintiff materially breached the contract."  The
10 parties' November 22, 2019 joint case management statement stated that "State Farm denied the
11 claim on the grounds that plaintiff breached the policy condition prohibiting concealment or fraud
12 in January 2019."  Defendant further explained these contentions in special interrogatories.  In
13 short, defendant's answer, combined with its other filings and communications with plaintiff, gave
14 notice to plaintiff that defendant intended to claim a defense based on the "Concealment of Fraud"
15 provision.  Such notice mitigates any potential prejudice to plaintiff.

16 Further, defendant has shown that it was diligent in bringing this motion.  Plaintiff's
17 counsel argued that defendant's answer was insufficient to assert a defense based on the
18 "Concealment or Fraud" provision for the first time at an early neutral evaluation in March 2020.
19 Thereafter, counsel met and conferred on the issue.  Unable to reach a stipulation, defendant filed
20 the instant motion on May 1, 2020.  In addition, the Court notes that discovery is ongoing, and the
21 Court has yet to rule on any other dispositive or non-dispositive motions in this case.

22 Good cause having been shown, the Court **GRANTS** defendant's motion for leave to file an
23 amended answer.  The Court notes, however, that defendant's proposed amended answer includes
24 not only a new twelfth affirmative defense referencing the "Concealment of Fraud" provision, but
25 also new thirteenth and fourteenth affirmative defenses referencing the "Exclusions" and
26 "Physical Damage Coverages" provisions.  (Dkt. No. 15-1, Ex. 8.)  The latter two provisions were
27 not discussed directly in defendant's motion, nor is it clear that they are not otherwise subsumed
28 within a defense already pled.  **Accordingly, defendant shall file its amended answer on the**

**docket, except that defendant shall exclude the proposed thirteenth and fourteenth affirmative defenses.**

This Order terminates Docket Number 15.

**IT IS SO ORDERED.**

Dated: June 29, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**